**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-2318**

———————————

VASTIE MARCELIN,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

———————————

**No. 10-1261**

———————————

VASTIE MARCELIN,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

———————————

On Petitions for Review of Orders of the Board of Immigration Appeals.

———————————

Submitted: July 28, 2010      Decided: September 2, 2010

———————————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Petitions denied by unpublished per curiam opinion.

———————————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Jem C. Sponzo, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Vastie Marcelin, a native and citizen of Haiti, petitions for review of two separate orders of the Board of Immigration Appeals: (1) Case No. 09-2318, dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) Case No. 10-1261, denying her motion to reconsider.

In Case No. 09-2318, Marcelin first challenges the determination that she failed to establish her eligibility for asylum and argues that she presented credible evidence and adequate corroboration in support of her claims. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Marcelin fails to show that the evidence compels a contrary result. We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of Marcelin's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an

applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Marcelin failed to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also conclude that substantial evidence supports the finding that Marcelin failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2010). Based on our review, we agree that Marcelin failed to present sufficient independent evidence to suggest that she will more likely than not be tortured by or with the acquiescence of the Haitian government. Accordingly, we deny the petition for review in Case No. 09-2318.

In Case No. 10-1261, Marcelin contends that the Board abused its discretion in denying her motion to reconsider. We have reviewed the administrative record and find no abuse of discretion. See 8 C.F.R. § 1003.2(a) (2010). We therefore deny the petition for review for the reasons stated by the Board. In re: Marcelin (B.I.A. Feb. 5, 2010).

Accordingly, we deny both petitions for review. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>